UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.S. individually and o/b/o E.S.,<br><br>　　　　　Plaintiff,<br>v.<br><br>PLAINFIELD BOARD OF EDUCATION,<br><br>　　　　　Defendant. | Civil Action No. 2:20-cv-8495-JMV-MF |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO VACATE ENTRY OF DEFAULT AND EXTEND TIME TO ANSWER**

Kevin M. Foltmer, Esq. (N.J. Bar ID # 0271092018)
Ramon E. Rivera, Esq. (N.J. Bar ID # 035362000)
SCARINCI & HOLLENBECK, LLC
ATTORNEYS AT LAW
1100 VALLEY BROOK AVENUE
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
Telephone:  201.896.7161
Attorneys for Defendant Plainfield Board of Education

Of Counsel:
Ramon E. Rivera, Esq.

On the Brief:
Madelaine P Hicks, Esq.
Ramon E. Rivera, Esq.
Kevin M. Foltmer, Esq.

i

# Contents

TABLE OF AUTHORITIES ................................................................................................................iii
PRELIMINARY STATEMENT ........................................................................................................ 1
PROCEDURAL HISTORY AND FACTS ........................................................................................ 2
LEGAL ARGUMENT ........................................................................................................................ 3
  Point I ............................................................................................................................................... 3
    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED AND THE BOARD'S CROSS MOTION TO VACATE DEFAULT SHOULD BE GRANTED ........................ 3
  Point II ............................................................................................................................................. 7
    THE AMOUNT OF PLAINTIFF'S ATTORNEYS' FEES ARE UNREASONABLE. ..................... 7
CONCLUSION ................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases:**

*GCN IV, LLC v. Salerno*, 2020 U.S. Dist. LEXIS 197457, *4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583 . . . . . . . . . . . . . . . . . . . . . . . .7

*John T. v. Delaware County Intermediate Unit*, 318 F.3d 545 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*M.R. v. Ridley Sch. Dist.*, 868 F.3d 218 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Schartner v. Cope*land, 59 F.R.D. 653, 656 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3


**Statutes:**

20 U.S.C. §1415(i)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4


**Rules:**

*F.R.C.P.* 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*F.R.C.P.* 55(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## **PRELIMINARY STATEMENT**

In what appears to be an example of history repeating itself, Plaintiff is again attempting to take advantage of the Plainfield Board of Education's (the "Board") good will. The underlying matter that led to Plaintiff's current application for attorneys' fees, was amicably settled out of court by the Board in good faith withdrawing its due process action. This settlement was agreed to in hopes to avoid unnecessary litigation and provide, Plaintiff E.S., with support for his educational needs. Unfortunately, once the settlement was finalized, Plaintiff immediately sought attorneys' fees from the District. The Board—amid transitioning to new counsel—attempted to resolve the instant matter. However, before current counsel was retained, Plaintiff had already moved for an entry of default.

Rather than engage in meaningful negotiations, Plaintiff's demand for attorneys' fees jumped from $10,119.00, to $17,702.50 to now, a staggering $39,792.40. This sudden, immense increase in fees at the eleventh hour demonstrates the clearly unreasonable nature of Plaintiff's demand. The Board attempted to negotiate with Plaintiff in the interest of resolving this matter; however, it is not willing to be used as a means to increase Plaintiff's attorneys' fees, fees to which they are not entitled in the first place.

Additionally, the actual matter at hand is whether default judgment against the Board should be entered at this time. As discussed at length below, default judgment should not be entered at this time as there is good cause to deny Plaintiff's Motion for Default Judgment and instead grant the Board's Motion to Vacate Default and Extend its Time to Answer.

## PROCEDURAL HISTORY AND FACTS

On March 13, 2018, the Board filed a petition for due process against Plaintiff, which was subsequently settled and dismissed without prejudice ("First Petition"). Certification of Ramon E. Rivera, Esq., dated November 23, 2020 ("Rivera Cert."), Exh. A. In relation to items from the First Petition that needed to be addressed again, the Board filed a second petition against Plaintiff in September 19, 2020. *Id.,* Exh. B. On May 14, 2020, upon agreement of all parties, the matter was settled out of court and the matter was dismissed with prejudice, as requested in a letter from the Board's counsel at that time. *Id.*, Exh. C. Just two weeks later, on or about May 29, 2020, Plaintiff sent the Board a demand for attorneys' fees in the amount of $10,119.00. *Id.*, Exh. D.

On July 8, 2020, Plaintiff filed a Complaint in the instant matter and subsequently filed for entry of default on August 10, 2020. *Id.* In August 2020, the Board's prior counsel began transitioning cases to current counsel, however Plaintiff was still corresponding with prior counsel into early September 2020. *Id.* Then in September 2020, the Board via its current counsel began negotiating with Plaintiff to resolve the instant matter. *Id.* On or about November 5, 2020, the Board was served with the Motion for Default Judgment ("Motion") *Id.* The Board now files a Cross-Motion to Vacate the Entry of Default and Extend Time to Answer ("Cross-Motion").

## **LEGAL ARGUMENT**

### **Point I**

### **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED AND THE BOARD'S CROSS MOTION TO VACATE DEFAULT SHOULD BE GRANTED.**

"Courts look upon default judgments with disfavor." *Schartner v. Cope*land, 59 F.R.D. 653, 656. Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause". Further,

> In deciding whether there is good cause to vacate the entry of default, courts examine: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Because default is consider an "extreme sanction . . . of last resort[,]" any doubts must be resolved in favor of vacating default and "proceeding on the merits." *Id.*

*GCN IV, LLC v. Salerno*, 2020 U.S. Dist. LEXIS 197457, *4.

The entry of default should be vacated in the instant matter because, as will be explained more fully below, there is good cause deny Plaintiff's motion for default and grant the Board's motion to vacate. Not only does the Board have a meritorious defense, the Board—not Plaintiff—will be severely prejudiced if the default judgment is granted.

The instant matter is not an example of a party failing to respond to a complaint due to neglect, rather just the opposite. Once current counsel was advised of the instant motion, attempts to resolve the matter began immediately. Had the Board known Plaintiff was not interested in settling the matter for a reasonable amount, a motion to vacate default and extend time to answer would have been filed imminently. However, as this dispute is over increasing attorneys' fees, it seemed prudent to resolve without unnecessarily increasing said fees.

Regardless of prior best efforts, it is respectfully submitted that Plaintiffs are not entitled to default judgment and that the Board's Cross-Motion to Vacate Entry of Default be granted.

### A.     The Board has a Meritorious Defense.

Pursuant to 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Education Act ("IDEA"), "the court, **in its discretion**, may award reasonable attorneys' fees as part of the cost . . . to a prevailing party who is the parent of a child with a disability" (emphasis added). In the context of relief under IDEA for temporary and "stay put" placement, the Third Circuit has held that an award of attorneys' fees in the context of a prevailing party is appropriate when it is judicially sanctioned and **the plaintiff had received a judgment on the merits or obtained a court-ordered consent decree**. *John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 556-558. In *John T.,* the court denied plaintiff's demand for attorneys' fees for failure to meet "prevailing party standard" and plaintiff's claims against the DCIU ultimately were dismissed <u>with</u> prejudice at his own request after reaching a settlement out of court.  Like *John T.*, the instant matter was not decided on the merits nor did it involve a court-ordered consent decree.

*John T.* has since been interpreted to apply to forward-looking and temporary relief, which is the same relief sought and settled upon in the instant matter. *See M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 228.  It is important to note, none of the relief sought by A.S. was retroactive. Regarding the "stay put" issue, E.S. remained at their school of choice while the dispute was resolved.  In other words, due to the fact that: (1) there was no judgment on the merits or court-ordered consent decree; (2) the relief sought was temporary; and (3) the remaining relief was in regard to forward placement only, Plaintiff fails meet to the applicable "prevailing party standard" as required under case law and IDEA.

Accordingly, a dismissal with prejudice alone is not enough to trigger an automatic award

of attorneys' fees. The fact is, there was a good faith effort to successfully settle this matter out of court (which subsequently led to the dismissal with prejudice), quickly and efficiently. All parties agreed to the settlement terms, including that that the matter should be dismissed with prejudice. To suggest otherwise is disingenuous.

Further, it is respectfully submitted that Plaintiff's argument for relief on the basis that the Petition was frivolous should not entertained. The Complaint does not assert a cause of action on the basis that the Petition was frivolous; if Plaintiff would like a judgment based on additional cause of action, they would need to file a motion to amend their complaint under Rule 15. If default judgment is to be entered on a cause of action that was not in the Complaint, the Board would be severely prejudiced.

If the Court is inclined to consider Plaintiff's assertion that the Petition was "frivolous", the truth is that is just not accurate. Per the First Petition the parties, it was agreed that several factors would be considered for E.S. to remain at Calais. Rivera Cert, Exh. A. It was not clear upon the conclusion of the evaluations that placement as Calais was necessary, and additional information, as outlined in the prior settlement agreement, was necessary. *Id*. Upon review of all the circumstances, and agreement of all Parties, the Board dismissed the Petition. E.S. remained remains to date at Calais.

In sum, the Board has a meritorious defense as Plaintiff was not the prevailing party and are not entitled to attorneys' fees. Further, even if Plaintiff is found to be the prevailing party, the requested fees are demonstrably unreasonable. Therefore, it is respectfully submitted that the Court vacate the entry of default and deny Plaintiff's Motion for Default Judgment.

### B. Plaintiff will not Suffer any Prejudice if the Motion to Vacate is Granted.

Plaintiff's Motion is for nothing more than attorneys' fees. There is no harm if the default is vacated. Plaintiff's brief alleges the prejudice as "A.S. will suffer prejudice if the court does not enter default judgment against Defendant because Plaintiff has no other means of seeking the relief requested in the Complaint." Pl. Br. at 7. The Cross-Motion is not to dismiss the Complaint; just to vacate the default to allow the Board to defend itself. Plaintiff will have the same vehicle to seek the relief requested if the Cross-Motion is granted; however, such relief shall be through the Complaint and litigation. In other words, Plaintiff must admit that they will not suffer any true prejudice.

### C. The Board Should not be Punished for the Entry of Default

As discussed at length above, the entry of default occurred prior to current counsel representing the Board and while the Board was in a period of transition from prior counsel. The Board engaged in meaningful settlement discussions with the Plaintiff to resolve this matter and prevent additional unnecessary attorneys' fees. Had the Board known Plaintiff did not intend to settle, a motion to vacate default would have occurred earlier. Accordingly, it is respectfully submitted that the Court vacate the entry of default and provide the Board additional time to enter an answer.

## Point II

## THE AMOUNT OF PLAINTIFF'S ATTORNEYS' FEES ARE UNREASONABLE.

Plain and simple, Plaintiff's demand for approximately $40,000.00 in fees is unreasonable and ridiculous. If the Court is inclined to grant Plaintiff's Motion for Default Judgment, Plaintiff bears the burden establishing the reasonableness of the fees. *See Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 594.

> The accepted procedure for determining a reasonable fee award is to multiply reasonable hours expended on a matter by a reasonable billing rate for the attorneys who performed the tasks involved. Washington, 89 F.3d at 1035. A reasonable hourly rate is calculated according to the prevailing market in the community. Id. An attorney's showing of reasonableness **must rest on evidence other than the attorney's own affidavits**. Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984). [**35] Moreover, the court must be careful to exclude from counsel's fee request "**hours that are excessive, redundant or otherwise unnecessary**. .. ." Hensley, 461 U.S. at 434. (emphasis added.)

*Id. at* 595.

Just about half of Plaintiff's counsels' billed—about 46 hours of a total 92 hours—were spent on the instant motion. Pl.Br., Exh. A. Surprisingly, these 46 hours do not even include the complaint, nor the entry for default. In fact, it should be noted that Plaintiff's counsel only spent about 17 hours actually representing Plaintiff, for a total of $6,898.50 in the underlying matter. *Id.* The remaining 75 hours of Plaintiff's counsels' time has been spent inflating the bill in furtherance of their own firm's financial interests to the tune of nearly $33,000.00 at the taxpayers' expense. *Id.*. In other words, time spent representing the Plaintiffs makes up only about 17% of the outrageous nearly $40,000.00 demand.

To say the least, Plaintiffs' demand for almost $40,000.00 is "excessive, redundant or otherwise unnecessary". According to Mr. Leary's certification, he—a partner—is an expert in

7

this field. If this is so, it is curious that it took Mr. O'Leary almost forty hours, in addition ten hours of associate time, to draft the twenty-three page brief and twelve-page certification of his own qualifications. The brief is more or less twenty pages, and a significant portion is quite similar to the demand letter Plaintiffs sent prior counsel. If there are any frivolous filings in this matter, it is not from the Board, but Plaintiff's demanding $40,000.00 for a matter which totaled $6,995.50 in attorneys' fees.

Further, Plaintiff's certifications are not applicable. Aside from the fact that Plaintiff cites attorneys' rates in Philadelphia (a large metropolitan city in another state) as a basis for their own rates, the attorney certifications provided are from attorneys who appear to have more time and experience in this field than both of Plaintiff's attorneys. By comparison, the attorneys who provided certifications have years of experience as follows: 35, 31, and 15 years. However, Plaintiffs' attorneys' have only 8 years in this field (in the case of Mr. O'Leary) and 10 years as an attorney (in the case of Ms. Estrella Chambers).

In further support of its argument that Plaintiff's counsels' fees are unreasonable, the Board also provides attorney certifications detailing community standard for hourly rates, ranging from $160.00 to $395.00, which are much more reasonable and common in this area of the law. *See* Certification of Denise G. Verzella, Esq., dated November 23, 2020 and Rivera Cert.

Accordingly, it is respectfully submitted that Court deny Plaintiff's demand for attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Enter Default Judgment should be denied and the Board's Cross-Motion Vacating Default and extending time to answer should be granted.

SCARINCI & HOLLENBECK, LLC
Attorneys for Defendant
Plainfield Board of Education

BY: */s/ Kevin M. Foltmer*
     Kevin M. Foltmer, Esq.

DATED: November 23, 2020