Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.S. individually and o/b/o E.S., *Plaintiff*, v. Plainfield Board of Education. *Defendants*, | Civil Action No. 20-cv-8495 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b), D.E. 8, and Defendant's cross-motion to vacate the Clerk of the Court's entry of default, D.E. 11. The Court reviewed the parties' submissions[1] in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is denied, and Defendant's cross-motion is granted.

**I. BACKGROUND**

**A. Plaintiff's Complaint**

The Complaint was filed on July 8, 2020. D.E. 1. Plaintiff is the parent of an 8-year-old student residing within the area served by Defendant, Plainfield Board of Education. *Id*. ¶¶ 1-2. Plaintiff alleges her child is eligible for special education under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff's child was enrolled at Cresthaven Academy Charter School

---

[1] Plaintiff's motion for default judgment, D.E. 8 ("Br."); Defendant's opposition and cross-motion to vacate the Clerk's entry of default, D.E. 11 ("Opp."); and, Plaintiff's reply brief in further support of motion for default judgment and in opposition to Defendant's cross-motion to vacate default, D.E. 12 ("Reply").

1

("Cresthaven"). *Id*. ¶ 8. Plaintiff claims that on June 6, 2019, Cresthaven issued an Individualized Education Plan ("IEP") determining that her child required an out-of-district placement at a private school, Calais School, in Whippany, New Jersey. *Id*. ¶ 9.

Plaintiff alleges that Defendant filed a petition for due process against Plaintiff and Cresthaven with the New Jersey Office of Administrative Law ("OAL") seeking an order: (1) directing Plaintiff and Cresthaven to amend the IEP, removing the Plaintiff's child from his out-of-district placement and placing him at one of Defendant's elementary schools; and, (2) confirming that Cresthaven constituted Plaintiff's child's "stay put" placement during the pendency of the proceedings before the OAL. *Id*. ¶ 10. Plaintiff further claims that she was forced to retain new counsel after the Defendant objected to Cresthaven's counsel representing Plaintiff. *Id*. ¶ 11.

Plaintiff states that, on May 14, 2020, Defendant voluntary withdrew its due process petition with prejudice. *Id*. ¶ 13. Plaintiff claims this decision "materially altered the legal relationship between [Defendant] and the Plaintiff and [Cresthaven] . . . because the [Defendant] is forever barred from asserting the same claims against Plaintiff and [Cresthaven]." *Id*. ¶ 14. Plaintiff asserts that she is therefore a "prevailing party" under IDEA's fee shifting provision, 20 U.S.C. § 1415(i)(3)(B)(i)(I), and is entitled to an award of reasonable attorneys' fees and costs incurred in connection with the proceedings before the OAL and before this Court. *Id*. ¶ 15.

### B. Procedural Background

Plaintiff served Defendant with the Summons and Complaint on July 17, 2020. D.E. 4. On August 10, 2020, Plaintiff filed a request for the Clerk of the Court to enter default against Defendant pursuant to Fed. R. Civ. P. 55(a). D.E. 5. The Clerk entered default on August 20, 2020. On November 2, 2020, Plaintiff filed the motion for default judgment pursuant to Fed. R.

Civ. P. 55(b), D.E. 8. On November 23, 2020, Defendant opposed that motion and cross-moved to vacate the Clerk's entry of Default. D.E. 11. Plaintiff filed a reply in further support of the motion for default judgment and opposed Defendant's cross-motion. D.E. 12.

## II. ANALYSIS

Plaintiff moves for default judgment and Defendant cross-moves to vacate the clerk's entry of default. D.E. 8, D.E. 11. In such situations, courts in this district evaluate motions to vacate first. *See Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. CIV.A. 14-2683 JLL, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014); *see also Super 8 Worldwide, Inc. v. Sarwan Invs., LLC*, No. CV 2:14-07810 (WJM), 2016 WL 6398514, at *4–5 (D.N.J. Oct. 27, 2016); *Paris v. Pennsauken Sch. Dist.*, No. CIV. 12-7355 NLH/JS, 2013 WL 4047638, at *5 (D.N.J. Aug. 9, 2013). "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 60(b) (listing "grounds for relief from a final judgment" as "(1) mistake, inadvertence, surprise, or excusable neglect"). The decision to set aside an entry of default is left to the district court's discretion. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Courts generally disfavor default, preferring decisions on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Courts are required to consider the following four factors when deciding to vacate an entry of default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2016 WL 7115894, at *1 (D.N.J. Apr. 21, 2016) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). It appears that Plaintiff only contests the second element of the Rule 55(c) analysis. *See* Reply at 2-8 (concluding that Defendant's motion to vacate should be denied because

Defendant "has woefully fallen short of sustaining its burden of demonstrating it has a meritorious defense to A.S.'s claim for attorney's fees."). *Id*. at 8.

Plaintiff's initial motion for default judgment noted that Plaintiff would "suffer prejudice if the court does not enter default judgment . . . because Plaintiff has no other means of seeking the relief requested in the Complaint." *Id*. at 7. This argument is inapplicable to Defendant's cross-motion to vacate because, if the Court vacates the default, Plaintiff may still pursue her claim through the ordinary litigation process. The fact that the Plaintiff will have to continue litigating this matter does not constitute undue prejudice. *Beauty Plus Trading Co. v. Bee Sales Co.*, No. CV158502ESMAH, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (stating that "'[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice' sufficient to warrant the denial of a motion to vacate default" (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Vacating the default judgment would not prejudice the Plaintiff. As such, the first factor weighs in favor of vacating the default.

The next inquiry is whether Defendant can assert a meritorious defense. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. Defendant does "not have to show that [it] will prevail at trial; rather, all [it] must show is that, on its face, [its] defense is *litigable.*" *Beauty Plus Trading Co. v. Bee Sales Co.*, No. CV158502ESMAH, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (quoting *Glashofer v. New Jersey Manufacturers Ins. Co.*, No. CV 15-3601 (RBK/AMD), 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016)(emphasis in origina)). Plaintiff's claim seeks payment for attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i). *See* D.E. 1 at 4; Br. at 1. In relevant part, that section provides: "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs – (I) to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Defendant's defense is

4

that Plaintiff is not a "prevailing party" within the meaning of IDEA. Opp. at 4-5 (citing *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 556 (3d Cir. 2003)). Plaintiff responds that Defendant's authority, *John T*, is inapplicable "because the standard for awarding attorneys' fees to a prevailing defendant is different than the standard for a prevailing plaintiff." Reply at 3. Plaintiff argues that the standard in *CRST Van Expedited, Inc. v. E.E.O.C.*, -- U.S. --, 136 S. Ct. 1642, 1651 (2016) and *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) applies because it was a successful defendant with respect to the proceedings before OAL. Reply at 3.

In *John T*, the plaintiff-appellant appealed the district court's order denying his motion for attorneys' fees under 20 U.S.C. 1415(i)(3)(B). *John T.*, 318 F.3d at 551. The parties had engaged in protracted litigation over whether, among other things, the defendant school district was obligated to continue providing services to the plaintiff in a private school. *Id*. at 549-50. The plaintiff had obtained a preliminary injunction from the district court, requiring the defendant to provide the plaintiff with speech therapy, occupational therapy, a teacher's aid, and an itinerant teacher "in his current school program at [the private school]." *Id*. at 549. However, the defendant school was successful in parallel proceedings before Pennsylvania's Special Education Review Panel, which reversed a state administrative hearing officer's decision that required the plaintiff's placement in the private school as part of his IEP. *Id*. at 551. Before the litigation continued, the plaintiff and the defendant developed a mutually agreeable IEP which placed the plaintiff at a public school. *Id*. "Having achieved . . . a satisfactory IEP" the plaintiff moved for voluntary dismissal of his complaint and for attorneys' fees, arguing he was a "prevailing party" under 20 U.S.C. 1415(i)(3)(B). *Id*. The district court denied the plaintiff's motion for attorneys' fees and the plaintiff appealed. *Id*.

On appeal, the plaintiff asserted that he was a prevailing party by virtue of his having obtained an acceptable IEP via settlement. *Id*. at 560. The Third Circuit first explained that the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001) applied to IDEA's fee shifting provision. *Id*. at 556. The Third Circuit described *Buckhannon* as holding "that in order to be 'prevailing party,' a party must be 'successful' in the sense that it has been awarded some relief by a court." *Id*. (citing *Buckhannon*, 532 U.S. at 603-04). The Third Circuit also described the *Buckhannon* decision as acknowledging that a party benefiting from a settlement agreement could be a "prevailing party" provided that "the change in the legal relationship of the parties was in some way judicially sanctioned." *Id*. (quoting *Buckhannon*, 532 U.S. at 605 (internal quotation marks omitted)). The Third Circuit, however, rejected the plaintiff's argument that he was a prevailing party by virtue of his having obtained an acceptable IEP via settlement. *Id*. at 560-61. The court recognized that although plaintiff "undoubtedly realized an objective of his litigation upon obtaining an acceptable IEP . . . this result was not 'judicially sanctioned' as required." *Id*. at 560 (citing *Buckhannon*, 532 U.S. at 605). The Circuit further explained that the plaintiff and the defendant "developed the IEP through negotiations out of court, and no court has endorsed the agreement with a 'judicial imprimatur.'" *Id*.

Plaintiff claims that *John T* is inapplicable because, there, the "[p]arent's application for an award of attorneys' fees was governed by the standards established by *Buckhannon*[.]" Reply at 2. Plaintiff instead relies on the Supreme Court's more recent decision in *CRST*, 136 S. Ct. at 1651.[2] *Id*. But Plaintiff ignores that the *CRST* Court expressly relied on the *Buckhannon* decision

---

[2] At issue in *CRST* was the Eighth Circuit's interpretation of Title VII of the Civil Rights Act's – not IDEA's – fee shifting provision. *CRST Van Expedited, Inc.*, 136 S. Ct. at 1646. Nonetheless, the Supreme Court explained that "Congress has included the term 'prevailing party' in various

in discussing the "prevailing party" standard. *See CRST*, 136 S. Ct. at 1646. The Supreme Court explained that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties" which "change *must* be marked by judicial *imprimatur*." *Id*. (emphases added (quoting *Buckhannon*, 532 U.S. at 605.)). In *CRST*, the defendant-appellant appealed the Eighth Circuit's holding that it was not a prevailing party because the district court's dismissal of the plaintiff's claims "for failure to investigate and conciliate was not a ruling *on the merits*." *Id*. at 1651 (emphasis added). The Eighth Circuit had reasoned that "[a] merits-based disposition is necessary" and distinguished "claim elements on the one hand, from jurisdictional prerequisites to filing suit, on the other." *Id*. (internal quotation marks and citations omitted). The Supreme Court disagreed and ruled that "a defendant need not obtain a favorable judgment *on the merits* in order to be a 'prevailing party.'" *Id* (emphasis added).

      Plaintiff appears to contend that this holding obviates the need for a defendant to show a "material alteration of the legal relationship of the parties . . . marked by judicial *imprimatur*" to be a "prevailing party." *See* Br. at 8; Reply at 2-6. This contention is not supported by *CRST*. Specifically, the Supreme Court reasoned that "[t]he congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award fees does not distinguish between merits-based and non-merits based *judgments*." *CRST*, 136 S. Ct. at 1652 (emphasis added). The *CRST* Court explained that a "defendant . . . might prefer a *judgment* vindicating its position" and that the "defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the *court's decision*." *Id*. at

---

fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *Id*. Thus, the Supreme Court's interpretation of the term "prevailing party" in Title VII's fee-shifting provision is relevant here.

7

1651 (emphasis added). The Court in *CRST* further observed that the "defendant may prevail even if *the court's final judgment* rejects the plaintiff's claim for a nonmerits reason." *Id*. (emphasis added). The Supreme Court still required judicially sanctioned relief and only rejected the Eighth Circuit's requirement that, to prevail, a party must succeed on the merits. *CRST* did not obviate the requirement of some "judicial *imprimatur*" as necessary for a defendant to become a prevailing party.

The Court finds that the *John T* court's determination as to *Buckhannon* remains applicable here. As a result, to prove it was a prevailing party, Plaintiff will be required to show a "change in the legal relationship of the parties [that] was in some way judicially sanctioned." *John T.*, 318 F.3d at 556. In attempting to show it has a meritorious defense, Defendant claims that it intends to show that Plaintiff cannot meet this standard. Opp. at 4-5. Defendant has sufficiently shown that this defense is litigable. *Beauty Plus Trading Co.*, No. CV158502ESMAH, 2017 WL 706604, at *3.

In Reply, Plaintiff appears to argue that it may still seek attorneys' fees, irrespective of whether it is adjudged a "prevailing party," because "the claims asserted by the Board in its due process petition were frivolous, unreasonable, and groundless." Reply at 7 (citing *Christiansburg*, 434 U.S. at 421). Regardless of the merits of such a position, the Complaint lacks any factual allegations leading to a reasonable inference that Defendant's due process petition was frivolous, unreasonable, and groundless. *See generally* D.E. 1; *see also* Opp. at 5 ("The Complaint does not assert a cause of action on the basis that the Petition was frivolous"). Accordingly, Defendant has presented a litigable defense to this claim as well. *Home Revolution, LLC v. Jerrick Media Holdings, Inc.*, No. 20-CV-07775, 2021 WL 631926, at *3 (D.N.J. Feb. 17, 2021)("Defendants have presented evidence of litigable defenses through reference to their motion to dismiss.").

Plaintiff responds that "[i]n her moving papers, A.S. explained why the claims asserted in the Second Due Process petition were frivolous and why she was entitled to an award [*sic*] counsel fees under *Christiansburg*." Reply at 8 (citing to Br. at 20-25, and 29). However, "a complaint cannot be amended (or supplemented) by way of an opposition brief." *Swift v. Pandey*, No. CIV.A. 13-649 JLL, 2013 WL 6022093, at *2 (D.N.J. Nov. 13, 2013) (citing *Pennsylvania ex rel. v. Zimmerman v. Pepsico,* 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")). Accordingly, Defendant has shown it can assert a meritorious defense.

The Court also finds that Defendant is not culpable for the default. Defendant explains that "the entry of default occurred prior to current counsel representing the Board and while the Board was in a period of transition from prior counsel." Opp. at 6; *see also* D.E. 11-1 at 2 ¶¶ 7-10. A party in default is not culpable unless it "'willfully' engaged in conduct that demonstrates 'flagrant bad faith.'" *Paris*, 2013 WL 4047638, at *4 (internal citation omitted). Other courts in this district "have [] recognized that a delay due to a defendant's efforts to retain counsel do[es] not amount to culpable conduct." *Id*. Plaintiff does not appear to contest this position. The third factor weighs in favor of vacating the default.

The fourth factor requires the Court to consider whether alternative sanctions would be effective under the circumstances. Entry of default judgment "'should be a sanction of last, not first, resort, and courts should try to find some alternative.'" *Paris*, 2013 WL 4047638, at *5 (quoting *CGB*, 2001 WL 253745, at *4). Because default judgment has a conclusory effect, this factor weighs in favor vacating the default.

All factors weigh in favor of vacating the default. Accordingly, Defendant's cross-motion to vacate the Clerk's entry of default is granted. Because the Clerk's entry of default is vacated,

the Court will deny Plaintiff's motion for default judgment. *Paris v. Pennsauken Sch. Dist.*, No. CIV. 12-7355 NLH/JS, 2013 WL 4047638, at *5 (D.N.J. Aug. 9, 2013) ("Given that the Court has already determined that good cause exists to grant the Pennsauken School Defendants' Motion to Vacate Clerk's Entry of Default, the Court will deny Plaintiffs' request for a default judgment to be entered against these Defendants.").

### III. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 21st day of May, 2021,

**ORDERED** that Defendant's cross-motion to vacate the Clerk's entry of default, D.E. 11, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment, D.E. 8, is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court's entry of default against Defendant is hereby vacated; and it is further

**ORDERED** that Defendant shall respond to Plaintiff's Complaint, D.E. 1, within twenty-one (21) days of this Order.

_____
John Michael Vazquez, U.S.D.J.