**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| A.S. individually and o/b/o E.S.,<br>    *Plaintiff,*<br>v.<br>PLAINFIELD BOARD OF EDUCATION,<br>    *Defendant.* | Civil Action No. 20-8495<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This matter comes before the Court by way of Plaintiff's motion for summary judgment on Counts I and II of the Amended Complaint ("AC"), D.E. 29, and Defendant's motion for summary judgment, D.E. 30.  The Court reviewed the parties' submissions[1] in support and in opposition and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Plaintiff's motion is **DENIED**, and Defendant's motion is **GRANTED**.

---

[1] Plaintiff's brief in support of her motion for summary judgment, D.E. 29-1 ("Pl. Br."); Defendant's brief in opposition, D.E. 31 ("Def. Opp."); Plaintiff's reply brief in further support of her motion, D.E. 33 ("Pl. Reply"); Defendant's brief in support of its motion for summary judgment, D.E. 30-1 ("Def. Br."); Plaintiff's brief in opposition, D.E. 32 ("Pl. Opp."); and Defendant's reply brief in further support of its motion, D.E. 34 ("Def. Reply").  Plaintiff also relies on her Statement of Material Facts, D.E. 25-1 ("PSOMF") as well as the Certification of Thomas J. O'Leary, D.E. 29-2 ("O'Leary Cert.") and the attached exhibits.  Defendant relies on its Statement of Undisputed Material Facts, D.E. 24 at 2-3 ("DSOMF") as well as the Certification of Robert E. Levy, D.E. 30-2 ("Levy Cert.") and the attached exhibits.

## I.     BACKGROUND[2]

Plaintiff is the parent of E.S., a student with disabilities who resides in the area served by the Plainfield Board of Education ("Plainfield BOE").  DSOMF ¶¶ 1-2.  During the 2017-18 and 2019-20 academic years, E.S. was a student at Cresthaven Academy Charter School ("Cresthaven Academy"), a public charter school located within the Plainfield BOE's district.  PSOMF ¶¶ 3-5. During the relevant period, E.S. was eligible for special education and related services.  *Id.* ¶ 2.

In February 2018, the Cresthaven Academy Child Study Team formulated an Individualized Education Plan ("IEP") calling for E.S. to be placed at Calais School, a private out-of-district school.  *Id.* ¶ 6.  The Plainfield BOE subsequently filed a due process petition against A.S. and Cresthaven Academy challenging this determination (the "First Due Process Petition"). *Id.* ¶ 7.  Shortly thereafter, Cresthaven Academy filed an emergent relief application seeking a declaration that Calais School serve as E.S.'s "stay put" placement while the parties litigated the claims.  *Id.* ¶ 8.  In December 2018, the parties entered into a settlement agreement resolving the dispute for the remainder of the 2018-19 academic year.  *Id.* ¶ 9.  The settlement agreement provided that the Plainfield BOE would withdraw the First Due Process Petition without prejudice and that Plaintiff and Cresthaven Academy would waive any statute of limitation defenses in the event the Plainfield BOE re-filed its due process petition over any program formulated for E.S. after the expiration of the IEP in place.  *Id.* ¶ 10.

In June 2019, the Cresthaven Academy Child Study Team formulated an IEP calling for E.S. to be placed at Calais School for the 2019-20 academic year.  *Id.* ¶ 11.  The Plainfield BOE

---

[2] The factual background is taken from PSOMF; DSOMF; the O'Leary Cert. and attached exhibits; and the Levy Cert. and attached exhibits.  As Defendant has not submitted a responsive statement of material facts, the Court accepts as true the statements set forth in PSOMF for purposes of this Opinion.

again filed a due process petition challenging the determination (the "Second Due Process Petition"). *Id.* ¶ 12. The Plainfield BOE sought an order directing Cresthaven Academy to amend the IEP, compelling a psychological evaluation, and confirming that Cresthaven Academy be E.S.'s "stay put" placement during the pendency of the dispute. *Id.* ¶¶ 13-15. On May 6, 2020, counsel for Cresthaven Academy emailed counsel for Plaintiff and the Plainfield BOE advising that the administrative law judge ("ALJ") appeared to be suggesting that the parties discuss a potential settlement. *Id.* ¶ 17; O'Leary Cert., Ex. D. Counsel for the Plainfield BOE responded: "Thank you, Sandra. I'll think about it, but I think we've explored most every possible solution." PSOMF ¶ 18; O'Leary Cert., Ex. D. One week later, during a video status conference, counsel for the Plainfield BOE informed the ALJ that the Second Due Process Petition would be withdrawn with prejudice. PSOMF ¶ 19. The next day, on May 14, 2020, the Plainfield BOE submitted a letter to the ALJ withdrawing the petition with prejudice. *Id.* ¶ 22; O'Leary Cert., Ex. E. The letter did not reference a settlement between the parties, *id.*; PSOMF ¶ 23, and the parties did not enter into a written settlement agreement as to the Second Due Process Petition. *Id.* ¶ 21.[3]

After the Plainfield BOE voluntarily withdrew the Second Due Process Petition, Plaintiff sent a demand for attorneys' fees, DSOMF ¶ 7, but the parties were unable to reach a resolution, O'Leary Cert., Ex. F at 2-3. On July 8, 2020, Plaintiff commenced the present litigation seeking payment of attorneys' fees associated with the Second Due Process Petition. DSOMF ¶ 8. On June 21, 2021, Plaintiff filed an Amended Complaint; Defendant subsequently filed an Answer. *Id.* ¶¶ 15-16. The present motions followed.

---

[3] Defendant asserts in its Statement of Undisputed Material Facts that the matter "was settled out of court" on May 14, 2020. DSOMF ¶ 6. However, Defendant did not dispute Plaintiff's contention that there was no written settlement agreement between the parties with respect to the claims brought in the Second Due Process Petition. Nor has Defendant provided the Court with documentation of any such written settlement agreement.

## II.    STANDARD OF REVIEW

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Saldana v. KmartCorp.*, 260 F.3d 228, 232 (3d Cir. 2001) (the court must "view the facts in the light most favorable to the nonmoving party"). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at

250.  "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment."  *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp.*, 477 U.S. at 322.  "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate.  *See Anderson*, 477 U.S. at 250-51.

## III.   ANALYSIS

### A.  Prevailing Party

Count I of the AC asserts that Plaintiff is entitled to an award of attorneys' fees as a "prevailing party" under the fee-shifting provision of the IDEA, 20 U.S.C. §1415(i)(3)(B).  AC ¶¶ 6-16.  Plaintiff argues that she is a prevailing party because Defendant's withdrawal of the Second Due Process Petition with prejudice resulted in an enforceable, material alteration of the parties' legal relationship.  Pl. Br. at 7.  Defendant argues that Plaintiff is not a prevailing party because she was not awarded relief by a court, Def. Br. at 7-8, and because there was no judicially sanctioned change in the legal relationship of the parties, Def. Reply at 5.  In support, Defendant relies on *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003) and *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001).  Def. Br. at 7-8; Def. Reply at 4-5.  Defendant also argues that Plaintiff is not a prevailing party because the order issued in connection with Cresthaven Academy's[4] emergent relief application provided only temporary relief.  Def. Br. at 8-10.  The Court does not address

---

[4] Defendant refers to "the District's emergent relief petition," Def. Br. at 9, which appears to be in error, as the Order addressed the Plainfield BOE's First Due Process Petition and *Cresthaven Academy's* emergent application and cross-petition.  *See* Levy Cert., Ex. A at 2.

Defendant's latter argument, as it concerns an order issued in connection with the First Due Process Petition, *see* Levy Cert., Ex. A at 2, which is irrelevant to the present dispute over attorneys' fees relating to the Second Due Process Petition.

The Court previously summarized in detail the Third Circuit's findings in *John T.* in its May 21, 2021 Opinion and Order. *See* D.E. 14 at 5-6. In brief, the plaintiff-appellant appealed the district court's decision denying his motion for attorneys' fees under the IDEA. *John T.*, 318 F.3d at 551. The parties had previously litigated, among other things, whether the defendant school district was obligated to continue providing services to the plaintiff in a private school. *Id.* at 549-50. During the course of the litigation, through out-of-court negotiations, the parties developed a mutually acceptable IEP. *Id.* at 551. "Having thereby achieved the primary objective of his litigation," the plaintiff voluntarily dismissed his complaint and argued that he was entitled to attorneys' fees as a "prevailing party" under 20 U.S.C. 1415(i)(3)(B). *Id.*

The Third Circuit first clarified that the Supreme Court's decision in *Buckhannon* applied to the IDEA's fee-shifting provision. *Id.* at 556. The *John T.* court specifically highlighted the Supreme Court's finding that a party benefitting from a settlement agreement could be a "prevailing party" provided that "the change in the legal relationship of the parties was in some way judicially sanctioned." *Id.* (quoting *Buckhannon*, 532 U.S. at 605 (internal quotation marks omitted)). The Third Circuit then ruled, in relevant part, that the plaintiff was not a prevailing party by virtue of having obtained an acceptable IEP through out-of-court negotiations because "this result was not 'judicially sanctioned' as required by *Buckhannon*," and "no court has endorsed the agreement with a 'judicial *imprimatur*.'" *Id.* at 560 (quoting *Buckhannon*, 532 U.S. at 605).

Plaintiff contends that *John T.* is factually distinguishable because the plaintiff there obtained temporary and preliminary relief that was not merits-based.  Pl. Br. at 8.  The Court disagrees.  The *John T.* court did find that a preliminary injunction and contempt order enforcing the preliminary injunction were insufficient to confer prevailing party status because they provided only interim relief not based on the merits.  But that issue is not before the Court.  Relevant here is whether Plaintiff may be considered the prevailing party in connection with the Plainfield BOE's voluntary withdrawal of its Second Due Process Petition.  To this end, the Third Circuit found that a negotiated IEP obtained out of court and the plaintiff's subsequent voluntary dismissal of the case lacked "judicial *imprimatur*."  *John T.*, 318 F.3d at 560 (internal quotation omitted).  Here, the Plainfield BOE's voluntary withdrawal of the Second Due Process petition with prejudice allowed E.S. to be placed at Calais School for the 2019-20 academic year.  Thus, Defendant's voluntary withdrawal changed the legal relationship of the parties but "this result was not 'judicially sanctioned.'"  *Id.* at 560 (quoting *Buckhannon*, 532 U.S. at 605).  Accordingly, under *John T.* and *Buckhannon*, Plaintiff cannot be considered a prevailing party.

This result is consistent with *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016), which Plaintiff cites for the proposition that the Supreme Court "has not articulated a precise test for when a defendant is a prevailing party."  *Id.* at 422 (cited in Pl. Opp. at 8).  While this may be so, the Supreme Court has made clear that "the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties,'" which "*must* be marked by 'judicial *imprimatur*.'"  *Id*. (emphasis added) (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 and *Buckhannon*, 532 U.S. at 605).  Plaintiff's contention that she "did better" than the plaintiff in *CRST* because she obtained an enforceable material change in the parties' legal relationship ignores the Supreme Court's clear requirement that this change must

be judicially sanctioned in some manner to confer prevailing party status.  *See id.*; *Buckhannon*, 532 U.S. at 605.

However, several court cases cited by Plaintiff do support her argument that she is the prevailing party by virtue of the Plainfield BOE's voluntary withdrawal with prejudice of the Second Due Process Petition.  *See* Pl. Br. at 10-11; Pl. Opp. at 7-8; Pl. Reply at 6.  For instance, in *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159 (2d Cir. 2014), the court considered whether the voluntary dismissal of some claims, coupled with the district court's grant of summary judgment dismissing the remaining claims, rendered the defendants prevailing parties. The Second Circuit held that the defendants had prevailed as to all claims because the plaintiffs were barred from relitigating any of those claims, resulting in a material alteration of the parties' legal relationship.  *Id.* at 166.  Similarly, in *Internet Media Interactive Corp. v. Shopify Inc.*, Civ. No. 20-416, 2020 WL 6196292 (D. Del. Oct. 22, 2020), the relevant issue was whether the plaintiff's voluntary dismissal with prejudice rendered the defendant a prevailing party.  The *Internet Media* court noted that "[a]lthough the dismissal here did not require the Court's approval (or any action by the Court)…the import of 'with prejudice' is that Defendant can no longer be subject to the particular claim [ ] asserted in Plaintiff's Complaint."  *Id.* at *3.  Thus, the court reasoned, the legal relationship of the parties had been materially altered such that the defendant could be considered a prevailing party.  *Id.*[5]  Plaintiff also relies on *J.B. ex rel. H.S. v. San Jose Unified Sch. Dist.*, Civ. No. 12-06358, 2013 WL 1891398 (N.D. Cal. May 6, 2013), in which the court considered whether the school district's voluntary withdrawal of its due process complaint

---

[5] The *Internet Media* court—a district court within the Third Circuit—did not discuss *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003) or apply its instruction that the change in the legal relationship between the parties must be judicially sanctioned to confer prevailing party status.  *See id.* at 560.

without prejudice was sufficient to confer prevailing party status upon the student.  There, the court

held that "if a dismissal without prejudice nevertheless precludes refiling a complaint, it alters the

legal relationship of the parties; this 'material alteration of the legal relationship of the parties'

may be sufficient to find that one party is the prevailing party."  *Id.* at * 3.  The *J.B.* court went on

to find that although the school district had withdrawn its complaint without prejudice, it was

precluded from refiling its complaint because to do so would constitute unnecessary delay; thus,

the district's voluntary withdrawal changed the legal relationship of the parties, enabling a finding

that the student was the prevailing party.  *Id.* at *4.

Here, the Plainfield BOE is barred from reasserting the claims contained within the Second

Due Process Petition because its voluntary withdrawal of the petition was with prejudice.

Therefore, as in *Carter*, *Internet Media*, and *J.B.*, Defendant's voluntary withdrawal resulted in a

material alteration of the parties' legal relationship.  However, while the above cases indeed

support the argument that Plaintiff is a prevailing party under the present circumstances, the Court

is bound by the Third Circuit's decision in *John T.*, which instructs that the prevailing party issue

requires that the change in the parties' legal relationship be judicially sanctioned.  318 F.3d at 560.

As discussed, it was not.  Thus, the Court finds that Plaintiff is not a prevailing party for the

purposes of awarding attorneys' fees pursuant to the IDEA's fee-shifting provision.  Accordingly,

Count I of the AC is dismissed.

### B.  Frivolous Claims

Count II of the AC seeks an award of attorneys' fees and costs pursuant to the IDEA's fee-

shifting provision, 20 U.S.C. §1415(i)(3)(B), on the basis that the Second Due Process Petition

was frivolous, unreasonable, and groundless.  AC ¶¶ 17-30.  The AC does not specify which

subsection of the IDEA's fee-shifting provision applies.  However, in her summary judgment

briefing, Plaintiff refers to the subsection of the fee-shifting provision entitling a prevailing parent to attorneys' fees, 20 U.S.C. §1415(i)(3)(B)(i)(I), and argues that an award of fees is warranted under the standard set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).  Pl. Br. at 12-18.  Defendant maintains that the Second Due Process Petition was brought in good faith and not frivolous, and in any event, Plaintiff is not entitled to recover attorneys' fees and costs under the IDEA for frivolous, unreasonable, or groundless claims brought by the Plainfield BOE. Def. Br. at 10-11.

To the extent Count II of the AC seeks relief under 20 U.S.C. §1415(i)(3)(B)(i)(I), the same subsection of the IDEA's fee-shifting provision underlying Count I of the AC, Plaintiff's claim fails because Plaintiff is not a "prevailing party" under such provision for the reasons discussed above.  Accordingly, the Court does not address whether the *Christiansburg* standard applies to a prevailing parent seeking attorneys' fees under the IDEA.  Moreover, while Plaintiff argues that she is entitled to attorneys' fees under the more stringent standard set forth in *Christiansburg*, Pl. Br. at 17-18, she simultaneously maintains that *Christiansburg* "does not apply in this case because Congress intended for prevailing parents to recover attorneys' fees in special education litigation," *id.* at 13.  Thus, Plaintiff takes inconsistent positions as to the relevance of *Christiansburg*. *Compare id. with* Def. Opp. at 5-6; Def. Br. at 11.[6]

To the extent that Plaintiff seeks an award of attorneys' fees pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(II), the subsection of the IDEA's fee-shifting provision that addresses frivolous,

---

[6] The Court notes, however, that *Christiansburg* does not appear to support the conclusion that a party may be deemed the prevailing party under the IDEA's fee-shifting provision merely because the complaint brought against the party was frivolous.  Rather, as Defendant notes, *Christiansburg* created an *additional* requirement for the award of attorneys' fees to a prevailing defendant in certain types of cases.  *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

unreasonable, or foundation-less claims brought by a parent, the Court finds that Plaintiff falls short.  The IDEA states, in relevant part, as follows:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs…(II) to a prevailing State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

20 U.S.C. §1415(i)(3)(B)(i).  The statute expressly provides that the court may award attorneys' fees based on the filing or continued litigation of a frivolous, unreasonable, or groundless complaint to a prevailing *State or local educational agency against the attorney of a parent.*  The provision, however, does not provide the same relief to parents.  Here, Plaintiff is not a State or local educational agency, but a parent.  Thus, Plaintiff is not entitled to attorneys' fees under the IDEA based upon the allegedly frivolous due process petition brought by the Plainfield BOE.

For the foregoing reasons, Count II of Plaintiff's AC is dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment (D.E. 29) is **DENIED**, and Defendant's motion for summary judgment (D.E. 30) is **GRANTED**.  An appropriate Order accompanies this Opinion.

Dated: April 28, 2022.

John Michael Vazquez, U.S.D.J.